P. P. Mast & Co. vs. Lockwood.

---

## P. P. MAST & Co. vs. LOCKWOOD.

*November 21 — December 11, 1883.*

APPEAL TO S. C.    *(1) Statement of motion and ruling, in bill of exceptions.    (3) Costs for printing unnecessary matter in brief.*
REFERENCE.    *(2) Re-reference for more definite report.*

1. Where the bill of exceptions states that, on the hearing of a motion to confirm a referee's report, the opposite party moved to set aside the report and to re-refer the cause for more specific findings, and that the court denied the motion to re-refer and exception was taken, the question whether such motion should have been granted is before this court on an appeal from the judgment, although the motion was not in writing.
2. When the report of a referee is so indefinite that it cannot be determined what items in the accounts of the respective parties are allowed or disallowed, the cause should be sent back to the referee for more definite findings.
3. The appellant in this case is allowed nothing for printing thirty pages of his brief, it being in violation of the rule requiring a succinct statement of so much of the record as is essential to the questions discussed.

APPEAL from the County Court of *Dodge* County.

Action for the purchase price of agricultural machinery sold by the plaintiff corporation to the defendant between February 12 and August 13, 1877, and between July 9 and September 6, 1878. The answer contains a counterclaim for moneys paid to the plaintiff and for its use, for interest on advance payments, and for services rendered, in an amount exceeding that claimed in the complaint.

The cause was tried by a referee. The substance of his report and other facts will sufficiently appear from the opinion. The report was confirmed by the county court, and from the judgment entered accordingly the plaintiff appealed.

For the appellant there was a brief by *Eli & C. E. Hooker*, attorneys, and *David Babcock*, of counsel, and oral argument by *Mr. Eli Hooker*.

For the respondent the cause was submitted on the brief of *Lander & Lander*.

Cole, C. J. The bill of exceptions states that, on the hearing of the defendant's motion to confirm the report of the referee, the plaintiff's counsel orally objected to such confirmation, and orally moved the court to set aside the referee's report, and his findings of fact and conclusions of law, and to re-refer the cause to the referee to find more specifically upon the facts, showing particularly what items of the defendant's counterclaim were allowed. The county court denied this motion, and an exception was taken to this ruling; also to the ruling confirming the report. It is suggested, on the brief of defendant's counsel, that the record fails to show what objections or motions were made and passed upon by the county court. But this is a mistake. The motion of plaintiff, the ruling of the court upon that motion, and the exceptions, all appear in the bill of excep-

tions. There is certainly no difficulty whatever in ascertaining what motion the court considered and acted upon. If the plaintiff had filed a written motion it would not more clearly appear than it now does what the motion was, and how it was disposed of. No objection seems to have been taken either by the court or counsel, that the motion was not in writing, and in view of what is stated in the bill of exceptions it need not have been, to raise the question of practice which we are to consider.

The motion to re-refer the cause to the referee for more specific findings of fact should have been granted. As the report now stands, it is impossible to determine what items in the accounts of the respective parties were allowed or disallowed by the referee. The referee does find that the parties, on the 8th day of February, 1877, settled all their prior dealings in full, except as to the Champion rakes. But what amount was found due the plaintiff on that settlement the referee does not state, and he fails to find what items entered into it. The evidence, to our minds, clearly and conclusively shows that two notes of the defendant entered into the settlement, — one for $260, dated August 29, 1876, due July 1, 1877, and one for $380, of the same date, due October 1, 1877. We are perfectly well satisfied that the defendant received credit for both these notes at that time. Now there was a contention as to when the last note was given. There is no finding upon that point. When the $380 note was paid, was not the amount applied on transactions or dealings which took place subsequent to February 8, 1877? Was not the defendant credited with the amount on the "goods, wares, and merchandise" which the referee finds that the plaintiff sold him after that time? The defendant made a lame effort to prove that this note was given at the time it bore date, in 1877, but it was conclusively shown that there was a mistake in the date. Now the

P. P. Mast & Co. vs. Lockwood.

plaintiff was entitled and it was indispensable that he should know from the finding when that note was given, in the view of the referee, and as to whether it did or did not enter into the settlement which was made in February, 1877.

In respect to the other findings of fact, they are so very general that it is impossible to determine what claims were allowed and what disallowed. The referee should have stated an account between the parties so as to enable them to ascertain how he reached his conclusion of law that the plaintiff was indebted to the defendant in the sum of $341.13. From the present findings no one can tell what the real state of the accounts between the parties is. Now, because the findings are so general and imperfect, the court erred in not sending the cause back to the referee for more specific findings. As we have said, the referee should state an account between the parties so that it can be ascertained from his report what claims he allows and what he disallows. In no other way is it possible to get at the merits of the case from the report of the referee. And this is a right which is secured to a party by statute, and it is a substantial one. We refrain, at the present time, from a discussion of the evidence further than necessary to show the insufficiency of the findings as they now stand. When we have a proper report of the referee, with specific findings, we can more satisfactorily consider and determine the rights of the parties.

In the brief of the appellant forty pages or more are devoted to printing the pleadings and evidence substantially as set forth in the printed case. The rule requires a succinct statement of so much of the record as is essential to the questions discussed. The brief signally fails to comply with the rule. In the taxation of costs the clerk is directed not to allow the appellant anything for printing the first thirty pages of his brief. In order to correct what we deem a grave abuse, we say if counsel will lumber up their briefs

with such unnecessary matter they must not expect costs for the printing of it.

*By the Court.*— The judgment of the county court is reversed, and the cause is remanded for further proceedings in accordance with this opinion.